UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE FLORIDA BAR,

    Petitioner,

v.                                              Case No: 8:20-cv-65-T-36TGW

ROBERT J. MALLOY,

    Respondent.
_____/

## **ORDER**

This matter comes before the Court upon Petitioner's Motion to Remand and for Attorney Fees and Memorandum of Law (Doc. 6), and Respondent's response thereto (Doc. 11). In the motion, Petitioner requests the Court remand this action to the Florida Supreme Court because the Notice of Removal was not timely filed and this Court lacks subject matter jurisdiction. Doc. 6. Respondent responds that the lack of due process, which raises a federal question, was not apparent from the initial pleading and he removed this action within thirty days of that matter becoming apparent. Doc. 11. The Court, having considered the motion and being fully advised in the premises, will remand this action but deny The Florida Bar's request for attorneys' fees.

**I.    BACKGROUND**

On September 5, 2019, Petitioner, The Florida Bar, filed in the Supreme Court of Florida a Petition Against the Unlicensed Practice of Law charging Respondent, Robert J. Malloy, with engaging in the unlicensed practice of law, following which the Supreme Court of Florida issued a show cause order directing Malloy to show cause why he should not be enjoined from the unlicensed practice of law. Doc. 1-1. After responding to the show cause order, and approximately four months after the case was initiated in the Supreme Court of Florida, Malloy removed the

action to this Court alleging that subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1343 and 1443 because the proceedings before the Supreme Court of Florida violated the due process rights guaranteed to him under the Fifth and Fourteenth Amendments to the United States Constitution. Doc. 1 at 1-2.

Malloy argues that the process instituted by The Florida Bar violates his due process rights because it bypasses Florida's trial and appellate courts; prevents him from examining witnesses, engaging in discovery, providing exculpatory evidence, and examining and challenging statements entered into the record; generates a file provided to the Supreme Court of Florida that is not provided to Malloy; and does not provide any procedure for asserting affirmative defenses. *Id.* at 2. Because the unauthorized practice of law is regulated by a Florida statute that provides for civil and criminal penalties, Malloy asserts that he is entitled to due process, including the ability to subpoena and examine witnesses. *Id.*

Malloy contends in the Notice of Removal that jurisdiction exists pursuant to § 1343, which grants federal district courts original jurisdiction over "any civil action authorized by law to be commenced by any person . . . [t]o redress the deprivation, under color of any State law . . . of any right, privilege, or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens . . . ." 28 U.S.C. § 1343. Malloy also cites to § 1443 in the Notice of Removal, which states that a defendant may remove a civil action or criminal prosecution commenced in state court where the action is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens," or is "[f]or any act under color of authority derived from any law providing for equal rights, or refusing to do any act on the ground that it would be inconsistent with such law." *Id.* § 1443.

The Florida Bar moves to remand the action, and for attorneys' fees, arguing that removal is untimely and that this Court lacks subject matter jurisdiction. Doc. 6. With respect to timeliness, The Florida Bar states that Malloy was served with the petition 112 days prior to the Notice of Removal being filed, which is more than the 30-day deadline for removing an action prescribed by 28 U.S.C. § 1446(b). *Id.* at 2. The Florida Bar also argues that no subject matter jurisdiction exists because there is no federal question and the parties are not diverse. *Id.* at 3.

Malloy responds that his petition is timely because he did not learn of the federal due process issue until the Notice of Case Management was issued on December 11, 2019. Doc. 11 at 2. Additionally, Malloy contends that a federal question exists because of the lack of due process in the proceedings before the Supreme Court. *Id.* at 4.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

A defendant generally may remove an action from a state court to a federal court when the federal court has original jurisdiction over the action. 28 U. S. C. § 1441(a). Original jurisdiction arises when the complaint contains a federal question or there is diversity among the parties. 28 U.S.C. §§ 1331-1332. In certain civil rights cases, federal courts also may have jurisdiction. *See* 28 U.S.C. §§ 1343, 1443. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citation omitted). Removal statutes must be narrowly construed, and any "uncertainties [must be] resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

3

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal citation omitted). Potential defenses and counterclaims involving the Constitution or laws of the United States are ignored. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

Here, federal question jurisdiction is not present on the face of the Petition. Malloy's potential defenses or counterclaims are not taken into consideration in determining the existence of federal subject matter jurisdiction. *Vaden*, 556 U.S. at 60. In circumstances such as this, where the removing party alleges removal under § 1343 based on alleged civil rights violations that are not apparent on the face of the complaint, remand is proper. *Fed. Home Loan Mortg. Corp. v. Ellerby*, No. 1:12-CV-00016-CC-AJB, 2012 WL 13130070, at *8 (N.D. Ga. Feb. 8, 2012) (recommending remand of an action removed pursuant to § 1343 where the complaint did not allege civil rights violations, and the removing parties' counterclaims could not provide the basis for removal to federal court). Accordingly, subject matter jurisdiction is lacking in this case based on the well-pleaded complaint rule.

Nor does subject matter jurisdiction exist under 28 U.S.C. § 1443, also relied on by Malloy. Under this provision, "[a] defendant may remove a civil action from a state court to the district court if the action is '[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States or of all persons within the jurisdiction thereof.'" *Dixit v. Dixit*, 769 F. App'x 879, 881 (11th Cir. 2019) (quoting 28 U.S.C. § 1443). Removal under this section must meet two requirements. *Id.* The first is that the removing party must establish that removal is based on "a federal law providing

4

for specific civil rights stated in terms of racial equality . . . ." *Id.* (quoting *Alabama v. Conley*, 245 F.3d 1292, 1293 n.1 (11th Cir. 2001)). The second requirement is that the removing party was denied or could not enforce that right in state court. *Id.*

Malloy has not satisfied this test. He has not indicated that any racial equality issue is at stake or that he has been denied or unable to enforce such right. Accordingly, federal subject matter jurisdiction is not conferred by § 1443 in this case. *Ellerby*, 2012 WL 13130070, at *8 (recommending remand of an action removed pursuant to § 1443 were the defendants contended there were due process violations because the removing party's "arguments [were] unrelated to federal civil rights based on racial equality.").[1]

### B. Attorneys' Fees

The Florida Bar requests an award of costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c). Under 28 U.S.C. § 1447(c), a remand order "may" require the payment of just costs and actual expenses incurred because of the removal. "The word 'may' clearly connotes discretion. The automatic awarding of attorney's fees to the prevailing party would pretermit the exercise of that discretion." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Where an objectively reasonable basis for removal exists, the Court should deny a request for attorney's fees. *Id.*

The Eleventh Circuit has noted that this reasonableness standard is meant to balance " 'the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.' " *Bauknight v. Monroe*

---

[1] Because this Court finds that it lacks subject matter jurisdiction, it need not address the parties' arguments as to the timeliness of the notice of removal.

5

*County, Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006) (quoting *Martin*, 546 U.S. at 140). Thus, "there is no indication that a trial court should ordinarily grant an award of attorney's fees whenever an effort to remove fails." *Kennedy v. Health Options, Inc.*, 329 F. Supp. 2d 1314, 1319 (S.D. Fla. 2004).

The Florida Bar provides no argument that Malloy lacked a reasonable basis to remove this case, but instead simply requests an award of costs and attorneys' fees with no analysis or explanation. Doc. 6 at 3. Although the Court ultimately finds that it does not have subject matter jurisdiction, Malloy cited to removal provisions and made arguments as to why they apply to this case. Based on the circumstances of this case, the Court does not find that an award of costs or attorneys' fees is warranted. Accordingly, the Court will deny The Florida Bar's request for costs and attorneys' fees.

Accordingly, it is **ORDERED**:

1. The Florida Bar's Motion to Remand and for Attorney Fees and Memorandum of Law (Doc. 6) is **GRANTED** in part.

2. This case is **REMANDED** to the Supreme Court of Florida. The Florida Bar's request for attorneys' fees is **DENIED**.

3. The Clerk is directed to send a certified copy of this Order to the Clerk of Court for the Supreme Court of Florida.

4. The Clerk is further directed to terminate all pending deadlines and **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on March 17, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any